IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN A. McDONALD, et al,   *

    Plaintiffs,   *

v.   *   Case No. RDB-02-2812

       *

RED HOT & BLUE
RESTAURANTS, INC.   *

and   *

ROBERT FRIEDMAN,   *

    Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Pending before this Court is Defendants' Motion for Costs and Attorneys' Fees. On February 3, 2004, this Court granted Defendants' Motion for Summary Judgment and on April 21, 2005 the United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment. This action, therefore, was resolved with judgement being entered in favor of Defendants on Plaintiffs' two Count Complaint, which alleged fraud in connection with a franchise agreement entered into by Plaintiffs with Red Hot & Blue, Inc. (the "Franchise Agreement").[1] The Franchise Agreement entitled Plaintiffs to become franchisees, subject to certain conditions, of a Red Hot & Blue restaurant.

The attorneys' fees and costs issues have been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Defendants' request for attorneys'

---

[1] Red Hot & Blue, Inc. is not a party to this action, but Defendants state that it is a subsidiary of Red Hot & Blue Restaurants, Inc.

fees is DENIED and the Defendants' request for costs is GRANTED.

I.  Discussion

Defendants assert that, as the prevailing party, they are entitled to costs and attorneys' fees. In particular, Defendants contend that they are entitled to costs, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, and attorneys' fees, pursuant to the Franchise Agreement signed by Plaintiffs. Plaintiffs argue that Defendants are not entitled to many of the costs requested and that the provisions of the Franchise Agreement highlighted by Defendants do not entitle them to attorneys' fees in this action.

A.  Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." This rule gives rise to a "presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.,* 186 F.3d 442, 446 (4th Cir.1999) (citing *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352 (1981); *Teague v. Bakker,* 35 F.3d 978, 995-96 (4th Cir. 1994)). Based on this Court's February 3, 2004 Order granting Defendants' Motion for Summary Judgment and on the Fourth Circuit's April 21, 2005 decision affirming this Court's judgment, the Defendants are the prevailing party in this action. Defendants have submitted costs, with a affidavit supporting those costs, pursuant to Local Rule 109(b), totaling $7,434.18. This total includes costs for court fees, duplicating fees, facsimile charges, LEXIS charges, Westlaw charges, long distance phone service charges, postage costs, delivery service fees, computer printing costs, expert witness compensation, and court reporter fees.

Plaintiffs argue that Rule 54(d)(1) allows only taxable costs, but Defendants have included non-taxable costs in their request. These non-taxable costs are covered by Rule 54(d)(2), which provides:

> Claims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for recovery of such fees as an element of damages to be proved at trial.

Those expenses which may be taxed are delineated in 28 U.S.C. § 1920.[2] An award of costs should be entered if a listed expense is authorized by statute, and is reasonably necessary to the litigation. *See Charter Medical Corp. v. Cardin,* 127 F.R.D. 111, 113 (D. Md. 1989).

While an award of costs to a prevailing party is usual, the inclusion of various items within that award rests within the sound discretion of the trial court. *See Advance Bus. Sys. & Supply Co. v. SCM Corp.,* 287 F. Supp. 143, 162 (D. Md. 1968), *aff'd* 415 F.2d 55 (4th Cir. 1969) (recognizing that a trial court possesses broad discretionary powers in allowance or disallowance of costs); *Flint v. Haynes,* 651 F.2d 970, 973 (4th Cir. 1981) (stating that Section 1920 enumerates the expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)). This Court, in its

---

[2] A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

discretion, finds that Defendants can collect from Plaintiffs the costs requested in its Motion, totaling $7,434.18.

B.      Attorneys' Fees

Defendants contend that various provisions of the Franchise Agreement and a Guarantee, Indemnification, and Acknowledgment ("Guarantee") executed by the Plaintiffs entitle Defendants to attorneys' fees.  Defendants state that the Franchise Agreement contains a choice of law provision indicating that Virginia law governs the agreement.  Virginia follows the "American Rule" to determine whether an award of attorneys' fees is appropriate.  *See Mullins v. Richlands Nat'l. Bank*, 403 S.E.2d 334, 335 (Va. 1991).[3]  According to the American Rule, absent a statute or contract provision expressly allowing recovery of attorney's fees, the general rule is that a court may not award attorney's fees to the prevailing party.  *See Gilmore v. Basic Industries,* 233 Va. 485, 490, 357 S.E.2d 514, 517 (1987); *Prospect Development Co., Inc. v. Bershader*, 258 Va. 75, 92, 515 S.E.2d 291, 300 (1999); *see also Bausch & Lomb Inc. v. Utica Mut. Ins. Co.*, 355 Md. 566, 590-92, 735 A.2d 1081 (1999).  Plaintiffs contend that neither the Franchise Agreement nor the Guarantee provide the contractual nexus necessary to obligate Plaintiffs to Defendants for attorneys' fees and, therefore, under the American Rule, no attorneys' fees should be awarded.

Defendants first argue that Section 17.4 of the Franchise Agreement provides for the recovery of attorney's fees.  Section 17.4 states:

> Franchisee shall indemnify and hold Franchisor, the Partnership, and their respective officers, directors, agency, and employees harmless against any and all claims arising directly or

---

[3]     Maryland also follows the "American Rule."  *See Hess Constr. Co. v. Bd. of Educ.*, 341 Md. 155, 159, 669 A.2d 1352 (1996).

>   indirectly from, as a result of, or in connection with Franchisee's operation of the Franchised Business, as well as the costs, including attorneys' fees, of defending against them.

In reviewing the relevant Franchise Agreement provisions, under Virginia law, clear and unambiguous contractual terms must be construed according to their plain meaning. *See Marriott Corp. v. Combined Props., Ltd. P'ship*, 391 S.E.2d 313, 316 (Va. 1990).  As discussed in this Court's Memorandum Opinion addressing Defendants' Summary Judgment Motion, as a result of issues with the restaurant site approval process, the McDonalds did not "construct, furnish and open the Restaurant not later than twelve (12) months after the date of [the franchise] agreement . . ." in accordance with Section 5.3 of the Franchise Agreement.  Therefore, Plaintiffs never commenced the operation of the restaurant, the "Franchised Business."  As a result, Section 17.4 of the Franchise Agreement, which requires the Franchisee to indemnify the Franchisor against any claims, including attorneys' fees, "as a result of, or in connection with Franchisee's *operation of the Franchised Business*," does not apply in this instance where the operation of the restaurant never occurred.

Defendants next argue that Section 14.6 of the Franchise Agreement provides for the recovery of attorney's fees.   Section 14.6 states:

>   Franchisee shall promptly pay all sums owing to Franchisor and its subsidiaries and affiliates.  In the event of termination for any default of Franchisee, such sums shall include all damages, costs, and expenses, including reasonable attorneys's fees, incurred by Franchisor as a result of the default, which obligation shall constitute a lien in favor of Franchisor against any and all of the personal property, furnishings, equipment, signs, fixtures, and inventory owned by Franchisee and on the premises operated hereunder at the time of the default.

Defendants contend that Plaintiffs initiated this action as a result of Red Hot and Blue Inc.'s declaration that the Plaintiffs were in default under the Franchise Agreement, and Red Hot and Blue Inc.'s subsequent termination of the Franchise Agreement.  However, based on the facts of this case and

5

construing the terms of this provision according to their plain meaning, this provision does not appear to cover the instant action. For example, the facts underlying Count I, alleging that Friedman made fraudulent misrepresentations about the permitted location of Plaintiffs' restaurant under the Franchise Agreement beginning in the spring of 1997 occurred some three and a half years prior to the termination of the Franchise Agreement, which occurred on October 30, 2000. Similarly, the facts underlying Count II, fraud concerning the purchase of restaurant equipment on April 25, 1998, also occurred well prior to the termination of the Franchise Agreement. As a result, this action cannot be said to be "as a result of the default" of the Franchise Agreement.

Lastly, Defendants argue that Plaintiffs are liable for the Defendants' attorneys' fees under the terms of the Guarantee, Indemnification, and Acknowledgment ("Guarantee") executed by the Plaintiffs on the same day that the Franchise Agreement was executed. In relevant part, the Guarantee provides that:

> The undersigned hereby agree to defend, indemnify and hold Franchisor harmless against any and all losses, damages, liabilities, costs, and expenses (including, but not limited to, reasonable attorney's fees, reasonable costs of investigation, court costs, and arbitration fees and expenses) resulting from, consisting of, or arising out of or in connection with any failure by Franchisee to perform any obligation of Franchisee under the Agreement, any amendment thereto, or any other agreement executed by Franchisee referred to therein.

Defendant contends that this entire dispute arose out of the failure of the Plaintiffs to open a restaurant in Morgantown, West Virginia within eighteen months of executing the Franchise Agreement. However, as discussed above, the claims brought by Plaintiffs and the facts alleged to support those claims cannot be construed to be "resulting from, consisting of, or arising out of or in connection with any failure by Franchisee to perform any obligation of Franchisee under the Agreement."

6

Therefore, neither the Franchise Agreement nor the Guarantee obligate Plaintiffs to pay Defendants' attorneys' fees. Pursuant to Virginia law, the American Rule applies and no attorneys' fees shall be awarded to Defendants in this action.

II      Conclusion

For the reasons stated above Defendants' request for attorneys' fees is DENIED and the Defendants' request for costs is GRANTED. Costs shall be paid by Plaintiffs to Defendants in the amount of $7,434.18. A separate Order consistent with this Opinion will follow.


June 22, 2005                                  /s/
                                               Richard D. Bennett
                                               United States District Judge